IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL WILSON, | : | CIVIL ACTION NO. **3:CV-10-1174** |
| Plaintiff | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Blewitt) |
| JOHN KERESTES, et al., | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

Plaintiff, Darrell Wilson, an inmate at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"), Frackville, Pennsylvania, originally filed this § 1983 civil rights action, *pro se*, on June 2, 2010. (Doc. 1). Plaintiff's original Complaint named eighteen (18) Defendants, including five (5) unnamed Jane and John Doe Defendants, employed in various capacities by the Pennsylvania Department of Corrections ("DOC") at SCI-Mahanoy, and it consisted of 23 pages and 151 paragraphs. On June 2, 2010, Plaintiff also filed a Motion to for Leave to Proceed *in forma pauperis*. (Doc. 2).[1]

Our initial review of Plaintiff's Complaint under the Prison Litigation Reform Act of 1995 (the "PLRA") revealed that it contained many unrelated claims against numerous Defendants, in

---

[1] Since Plaintiff did not submit a certified copy of his inmate trust fund account activity for the past 6 months so the Court could determine his financial status with respect to his Motion for Leave to Proceed *in forma pauperis* (Doc. 2) pursuant to 28 U.S.C. §1915(a)(2), the Court issued an appropriate order to the Warden at SCI-Mahanoy to file a certified copy of Plaintiff's inmate trust fund account activity for the past 6 months. (Doc. 6). The Warden at SCI-Mahanoy filed a certified copy of Plaintiff's inmate trust fund account activity for the past 6 months on July 6, 2010. (Doc. 13).

violation of Fed.R.Civ.P. 20(a). Plaintiff's original Complaint appeared to state the personal involvement of each and every named Defendant with his numerous unrelated claims. However, we found that Plaintiff's original Complaint was in violation of Fed.R.Civ.P. 20(a). *See Bricker v. Harlow*, 2009 WL 1743905 (M.D. Pa.). Plaintiff's lengthy, 151-paragraph, original pleading was unmanageable, and the 18 Defendants would have great difficulty in responding to it.

In his original Complaint, Plaintiff asserted, in part, the following claims:

Numerous First Amendment retaliation claims;

Sexual and racial harassment;

Several Claims of Filing of false misconduct reports as retaliation;

Claims of Fourteenth Amendment due process violations at February 11, 2009, February 20, 2009, August 19, 2009, August 26, 2009 and November 18, 2009 disciplinary hearings;

Several § 1983 conspiracy claims;

First Amendment denial of access to courts claims;

Several First Amendment interference with legal mail claims;

Improper seizure of incoming mail and personal property claims;

Improper search of personal property claims;

Claims of missing legal documents;

Claims of failure to properly process out going mail and to accept out going mail;

Claims of seizure and destruction of out going mail with intent to obstruct Plaintiff's court actions against prison staff;

Eighth Amendment conditions of confinement claims by obstructing Plaintiff from showers

and yard exercise

First Amendment infringement of right to practice religion claims; and

Claims of failure to properly review grievances and claims of denial of due process with respect to grievances.

Plaintiff's numerous unrelated claims spanned from January 2009 through November 2009.

Consequently, we directed Plaintiff to file an Amended Complaint, captioned to the above referenced civil number, regarding his First Amendment retaliation claims (Count I of Plaintiff's original Complaint, Doc. 1) that are related in conformity with Rule 20(a) of the Federal Rules of Civil Procedure. We also directed Plaintiff to file three separate new Complaints, one for Count 2, one for Court 3 and one for Count 4 of his original Complaint (Doc. 1), along with separate *in forma pauperis* motions with respect to his stated other actions that are related in conformity with Rule 20(a), which would be filed and docketed under separate civil numbers.[2]

---

[2]We noted that with respect to Count 2: Violation of Due Process raised in Plaintiff's original Complaint (Doc. 1, ¶'s 126.-133.), in which Plaintiff alleged that he was deprived of his Fourteenth Amendment due process rights with respect to his February 11, 2009, February 20, 2009, August 19, 2009, August 26, 2009 and November 18, 2009 disciplinary hearings, these claims may be *Heck* barred to the extent they may affect the validity of his disciplinary convictions and the sanctions he received. Thus, we noted that these claims may be *Heck* barred until Plaintiff successfully has his stated disciplinary convictions overturned.

In *Braggs v. Flatt*, 2009 WL 2750120, *4-*5 (W. D. Pa.), the Court stated:

> *Heck v. Humphrey* [512 U.S. 447 (1994) ] and its progeny. In *Heck,* the Supreme Court held that a prisoner could not maintain a § 1983 action for damages under the civil rights laws if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. The Court has summarized this so-called "favorable termination requirement"

Plaintiff was reminded that his amended complaint filed to the above civil number, as well as his three separate new complaints which were to be filed to new civil numbers, must be complete in all respects. Plaintiff was advised that his stated pleadings must be new pleadings which stood by themselves as adequate complaints without reference to his original complaint (Doc. 1) he already filed. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, Plaintiff was instructed that each of his Complaints must establish the existence of actions by the

---

> by explaining that a "state prisoner's § 1983 action is barred (absent prior invalidation)-**no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings**)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson,* 544 U.S. 74, 81-82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005). *See also Hill v. McDonough,* 574 U.S. 73 (2006); *Muhammad v. Close,* 540 U.S. 749, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004).
>
> Further, in *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), the Supreme Court extended *Heck* further by holding that a state prisoner's § 1983 action challenging a prison disciplinary sanction and seeking "money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983" unless the disciplinary sanction has been overturned or invalidated. 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906.

(Emphasis added); *Kalomiris v. Monroe County Syndicate*, 2009 WL 73785, *8 (M.D. Pa.).

Thus, we noted that any claim of Plaintiff which would impugn the validity of his disciplinary convictions and his disciplinary confinement in the RHU he received as sanctions after his convictions on the misconduct charges would be precluded by *Heck*. *See Washam v. Stesis*, 321 Fed. Appx. 104, 105 (3d Cir. 2009); *Sandy v. Lehigh Co. Dist. Attorney*, 2008 WL 910001, *1-*2 (E.D. Pa.).

Notwithstanding our stated footnote, Plaintiff included several claims in his Amended Complaint, seemingly challenging his disciplinary convictions and sanctions to RHU confinement.

4

Defendants which have resulted in constitutional deprivations. *E.g, Rizzo v. Goode*, 423 U.S. 362, 370-73 (1976).

With respect to the eighteen (18) named Defendants and the largely unrelated claims against them contained in the original Complaint covering eleven (11) months during 2009, we found that Plaintiff impermissively attempted to join all of these Defendants and the above stated claims against them in one action, in violation of Fed. R. Civ. P. 20 (a). Rule 20(a) provides:

> (a) Permissive Joinder. All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any questions of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Fed.R.Civ.P. 20(a). *See Blood v. BOP*, 2009 WL 700194 (M.D. Pa.); *Meekins v. Colleran*, 2005 WL 2133677 (M.D. Pa.); *Spencer v. Kelchner*, 2007 WL 88084 (M.D. Pa.); *Bricker, supra*.

Rule 20 only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1652 at 371-72 (1986). "Permissive joinder is not, however, applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action." *Mosley v. General Motors Corp.*,

497 F.2d 1330, 1333 (8th Cir. 1974).

Therefore, on June 11, 2010, we issued an Order and directed as follows**:**

1. Plaintiff shall file an amended complaint to the above civil number within **fifteen (15) days** of the date of this Order regarding only his First Amendment retaliation claims contained in Count 1 of his original Complaint.
2. Plaintiff's amended complaint shall properly allege a claim under 42 U.S.C. § 1983.
3. Plaintiff's amended complaint shall contain only the claims and Defendants that are related and involve the same transactions or occurrences and have a common legal and factual basis as required by Rule 20(a), namely Plaintiff's First Amendment retaliation claims specified in Count 1 of his original Complaint.
4. All claims of Plaintiff that are unrelated must be filed as three (3) separate actions accompanied by three (3) separate *in forma pauperis* motions, namely, Plaintiff's claims contained in Counts 2, 3 and 4 of his original Complaint.
5. Plaintiff's amended complaint raising his First Amendment retaliation claims shall be filed to the same docket number as the instant action and shall be entitled "Amended Complaint".
6. Plaintiff's amended complaint shall be complete in all respects. It shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. The amended complaint shall also be "simple, concise, and direct", as required by the Rules of Civil Procedure. Fed.R.Civ.P. 8(e)(1).
7. Failure of Plaintiff to timely file his amended complaint as directed herein will result in a recommendation that this action be dismissed.

(Doc. 7).

After being granted an extension of time, Plaintiff filed his Amended Complaint on August 20, 2010. (Doc. 19). We now screen Plaintiff's Amended Complaint under the PLRA.

**II. Discussion.**

Plaintiff's Amended Complaint consists of 99 paragraphs and 27 pages. Plaintiff names twelve (12) Defendants in his Amended Complaint, all of whom are employed by the DOC at SCI-Mahanoy. Defendants named in Plaintiff's Amended Complaint are: John Kerestes, Bruce Hauslyank, Daniel Malick, Michael Dunkel, Husick, Banks, Reisinger, Seibert, Chapman, Murphy, Turoski, and Trometter. (Doc. 19, pp. 2-4).

Plaintiff's Amended Complaint is in direct defiance of our June 11, 2010 Order, and Plaintiff again includes many unrelated claims against numerous Defendants. Plaintiff also includes his many challenges to his disciplinary hearings, convictions and sanctions, which we advised him were *Heck* barred. Most of Plaintiff's claims in his amended pleading were also included in his original pleading, and he again raises many unrelated claims against numerous Defendants. In fact, Plaintiff's voluminous claims in his Amended Complaint commenced in January 2009, and they end in April 2010. Thus, Plaintiff's Amended Complaint spans a period of almost one and one-half years, which is even a longer time span than contained in Plaintiff's original Complaint.

We find that Plaintiff's Amended Complaint is in violation of Rule 20, as was his original Complaint. We issued a detailed Order on June 11, 2010, directing Plaintiff to file an amended complaint in case #10-1174 that contained only the claims and Defendants that were related and involved the same transactions or occurrences and had a common legal and factual basis as required by Rule 20(a), namely Plaintiff's First Amendment retaliation claims specified in Count 1 of his original Complaint. We also directed that all claims of Plaintiff that were unrelated must be filed as three (3) separate actions accompanied by three (3) separate *in forma pauperis* motions, namely, Plaintiff's claims contained in Counts 2, 3 and 4 of his original Complaint. Further, we advised Plaintiff that his failure to timely file his amended complaint as directed in our Order would result in a recommendation that his action be dismissed.

As stated, Plaintiff failed to comply with the June 11, 2010 Order with respect to joining unrelated claims and parties in one pleading. Instead Plaintiff filed his Amended Complaint which is again in violation of Rule 20. As in his original Complaint, Plaintiff's numerous allegations in his

Amended Complaint mainly are related only insofar as they all occurred while he was confined at SCI-Mahanoy. The twelve (12) Defendants named in the Amended Complaint and their alleged conduct are essentially unrelated, and they do not meet the requirements of joinder.

In *Bricker*, the inmate Plaintiff failed to comply with the Court's Order regarding joining unrelated claims and parties in one pleading. The *Bricker* Court stated:

> Rule 20(a) provides:
> (a) Persons Who May Join or Be Joined.
> * * *
> 
>> (2) Defendants. Persons ... may be joined in one action as defendants if:
>> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>> 
>> (B) any question of law or fact common to all defendants will arise in the action.
>> 
>> 3) Extent of Relief. Neither a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities.
> 
> Fed.R.Civ.P. 20(a). Further, as previously explained to Plaintiff, Rule 20 is a Rule that allows for fairness and judicial economy. Rule 20(a) permits joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact. The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.
> 
> 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1652 at 371-72 (1986). The policy of liberal application of Rule 20, however, is not a license to join any and all claims and defendants in one lawsuit:
> 
> Permissive joinder is not, however, applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction of occurrence, or series of transactions or occurrences;

and (2) some question of law or fact common to all the parties must arise in the action.

*Mosley v. General Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir.1974). 2009 WL 1743905, *2-*3.

The *Bricker* Court also stated:

> In the instant case, like the original complaint, Plaintiff's amended complaint names multiple defendants and contains numerous claims concerning unconnected issues, such as claims relating to Plaintiff's criminal conviction and current and past conditions of confinement. The claims against Defendants do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and they lack a question or law or fact common to all Defendants. A careful reading of Plaintiff's allegations do not reveal a common thread as to legal issues or facts whatsoever. As such, the claims do not satisfy the requirements for joinder, even under a liberal application of Rule 20.
>
> As noted above, Plaintiff was directed to timely file an amended complaint which complies with the Federal Rules of Civil Procedure. Plaintiff was informed that the amended complaint should set forth his claims in short, concise and plain statements; the claims set forth should arise out of the same transaction, occurrence, or series of transactions or occurrences; and they should contain a question of law or fact common to all Defendants. Ultimately, Plaintiff was forewarned that if he failed to timely file an amended complaint adhering to the standards set forth in the order, this action may be dismissed. FN5 (Doc. 8.) Because Plaintiff has not complied with the court's order, this action will be dismissed. *See Iseley v. Bitner,* 216 Fed. Appx. 252, 255 (3d Cir.2007) (dismissal by the court on its own initiative is warranted where plaintiff fails to comply with court orders directing adherence to rules governing joinder of parties and claims, thereby making impossible adjudication of a case asserting a plethora or unrelated claims against numerous defendants); *Mincy v. Klem,* No. 1:07-cv-0340, 2007 WL 1576444 (M.D.Pa. May 30, 2007) (dismissing action because plaintiff's amended complaint, asserting numerous claims against scores of defendants did not comply with court order directing adherence to the requirements of Rules 8 and 20).FN6
>
>> FN5. The order also indicated that if Plaintiff failed to comply with the order, the original complaint may be addressed on the merits. (Doc. 8.) However, as stated in the court's order, Plaintiff's original

> complaint, naming forty-three (43) defendants and consisting of
> thirty-one (31) pages of narrative, is difficult to decipher and fails to
> sufficiently allege personal involvement of each defendant or to state
> that any conduct attributable to each of them amounts to a violation
> of Plaintiff's constitutional rights. In fact, the court is unable to discern
> any legal theory with potential merit. *See Wilson v. Rackmill,* 878
> F.2d 772, 774 (3d Cir.1989) (stating that a complaint "based
> on an indisputedly meritless legal theory," will be dismissed,
> without prejudice). As such, the original complaint is frivolous. *See*
> 28 U.S.C. § 1915(e)(2)(B) (i). Under the circumstances, the court is
> confident that service of process of the original complaint is
> not only unwarranted, but would waste the increasingly scarce
> judicial resources that section 1915 is designed to preserve. *See*
> *Roman v. Jeffes,* 904 F.2d 192, 195 n. 3 (3d Cir.1990).
>
> FN6. The court in *Mincy* also recognized:
>
> Ordinarily a district court is required to consider and balance the six
> factors enumerated in *Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d
> 863 (3d Cir.1984), when deciding, *sua sponte,* to use dismissal as a sanction.
> When a litigant's conduct makes adjudication of the case impossible, however,
> such balancing under *Poulis* is unnecessary.
>
> *Mincy,* 2007 WL 1576444, at *2. As in *Mincy,* this is also such a case.

*Id.,* *3.

The *Bricker* Court issued an Order and dismissed its Plaintiff inmate's action without prejudice. As in *Bricker*, we will recommend that the Court dismiss Plaintiff Wilson's case without prejudice to file a new complaint which is to be filed to a new civil number which should be limited with respect to only Defendants and his claims that arise out of the same transaction or occurrence or series of transactions or occurrences and that have questions of law or fact common to all Defendants and claims.

10

In *Mincy v. Klem*, 2007 WL 1576444, *1 (M.D. Pa.), the Court stated:

> The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA. Thus, to the extent that plaintiff believes that he has been subjected to more than one violation of his rights, and to the extent that these violations are unrelated to each other, plaintiff should file separate complaints addressing each violation.

*See also Spencer v. Kelchner*, 2007 WL 88084 (M.D. Pa.).

### III. Recommendation.

Based on the foregoing, it is respectfully recommended that Plaintiff Wilson's case be dismissed without prejudice to file a new complaint in a new civil action adhering to the standards set forth above. It is also recommended that Plaintiff be directed to file his many unrelated claims against numerous staff at SCI-Mahanoy in separate civil actions.

> **s/ Thomas M. Blewitt**
> **THOMAS M. BLEWITT**
> **United States Magistrate Judge**

**Dated: October 1, 2010**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL WILSON, | : | CIVIL ACTION NO. **3:CV-10-1174** |
| Plaintiff | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Blewitt) |
| JOHN KERESTES, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **October 1, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                s/ Thomas M. Blewitt
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: October 1, 2010**